NO. 07-06-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2008
_____

AUBREY JOE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 53,981-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, Aubrey Joe Johnson, appeals his conviction for the offense of attempted indecency with a child by contact, enhanced by two prior felonies, and sentence of twenty five years contending that the evidence was legally insufficient. We affirm.

Background

On April 22, 2005, appellant drove his vehicle near an apartment residence where three girls were present; the girls' ages were from 12 to 14. After circling the area for a

while, appellant stopped his vehicle and called the girls over. When the girls arrived, appellant asked the girls if any of them wished to pet or see his dog. One of the girls rejected the offer because she was afraid that the dog would bite; however, appellant said, "No, not that dog–the dog in my pants." Appellant then followed that remark by looking down at his crotch area. One of the girls contacted her mother and the mother confronted appellant. Appellant denied any such remarks and claimed to be searching for a friend of his who lived in the neighborhood. The girls and the mother reported the incident to the police who arrested appellant a few days later.

At trial, the three girls testified to the encounter with appellant. At the close of the State's case, appellant requested an instructed verdict which was denied. At the conclusion of the jury trial, the jury returned a verdict of guilty and the trial court sentenced appellant to twenty-five years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant now appeals contending that the evidence presented at trial is legally insufficient to support the conviction because it does not show an act amounting to more than mere preparation that tends but fails to effect the commission of the intended offense.

## Standard of Review

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133

2

S.W.3d 618, 620 (Tex.Crim.App. 2004). The standard of review applicable to the denial of a motion for directed verdict is the same as that applied in reviewing the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990) (challenge to the trial judge's ruling on a motion for an instructed verdict is a challenge to the sufficiency of the evidence). However, the jury is the sole judge of the weight and credibility of the evidence. Clewis v. State, 922 S.W.2d 126, 132 n.10 (Tex.Crim.App. 1996) (citing Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. See Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Furthermore, the standard of review is the same for both direct and circumstantial evidence. Id.

Law and Analysis

The sole focus of appellant's argument is the denial of his motion for instructed verdict. Appellant argued that the State failed to show that his actions were not mere preparatory actions that tended to but failed to effect the commission of the crime charged. A person attempts a criminal offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the

3

commission of the offense intended.  See TEX. PENAL CODE ANN. § 15.01 (Vernon 2003).[1]

A person commits indecency with a child if, with a child younger than 17 years and not the person's spouse, engages in sexual contact with the child or causes the child to engage in sexual contact.  See § 21.11.  Thus, this case turns on whether appellant's actions were more than just preparation.  In this case, the State had the three girls testify to the conversation appellant had with one of the girls.  The girl who spoke to appellant testified that appellant asked her if she wanted to see his dog - the dog in his pants.  The other two girls testified that appellant asked if the first girl wanted to pet the dog in his pants. Additionally, two of the girls testified that appellant was driving up and down the street and would, on occasion, look at them.  Further, the two girls testified that appellant asked if they could meet him somewhere, with one of the girls testifying that appellant specifically asked the girls if they wanted to go to a park with him.  All three girls testified that appellant spoke to the first girl and then glanced down to his pants indicating his private area.  Through cross examination, appellant's version of the encounter indicated that he was searching for an acquaintance that lived in the neighborhood.

However, the jury is the sole weight of the credibility of the evidence.  Clewis, 922 S.W.2d at 132 n.10.  Though the girls' testimony had some inconsistencies, we must view the evidence in favor of the verdict.  Curry, 30 S.W.3d at 406.  Appellant contends that his action of glancing down to his pants, at most, can only be viewed as preparatory action that tends to but fails to effect the commission of the offense.  See § 15.01.  However, we believe that this act, though circumstantial, can be viewed in the totality of the evidence as

---

[1] Further references to the Texas Penal Code Annotated will be by "§ ___."

indicative of appellant's intent. See Christensen v. State, 240 S.W.3d 25, 31 (Tex.App.–Houston [1st Dist.] 2007, pet. ref'd) (appellate court to view all evidence combined coupled with reasonable inferences from the evidence). Taken together, the appellant's conversation of going to the park and petting his dog, the repetitive trips by the girls' location, and his glancing gesture toward his pants can establish the criminal intent to commit the charged offense beyond mere preparation. The multiple trips by the girls' location could have been interpreted by the jury as appellant seeking a victim; appellant's request and glancing gesture could have been interpreted by the jury as appellant's directive to the girl or girls to commit the sexual contact. In viewing the evidence in favor of the verdict, it would be a reasonable inference to believe that appellant's failure to complete a criminal offense of indecency with a child was not due to appellant's lack of action beyond the preparation stage, but to the girls' refusal to go with appellant to the park or to pet the dog in his pants. We conclude that the evidence viewed in the light most favorable to the verdict is legally sufficient.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.

5